UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
APR 24 2024
U.S. DISTRICT COURT
ELKINS WV 26241

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No.  2:24 cr18 |
| BRANDI MICHELLE TIPTON aka JESSICA HEART, | Violation[s]:  18 U.S.C. § 982(a)(7) |
| Defendant. | 18 U.S.C. § 982(b)(1) |
| | 21 U.S.C. § 331(a) |
| | 21 U.S.C. § 333(a)(1) |
| | 21 U.S.C. § 334(a)(2)(D) |
| | 21 U.S.C. § 352(a) |
| | 21 U.S.C. § 853(p)(1) |
| | 28 U.S.C. § 2461(c) |

# INFORMATION

The United States Attorney charges that:

## COUNT ONE

(Introduction of Misbranded Medical Device into Interstate Commerce)

From on or about August 20, 2020, to on or about October 19, 2020, in Randolph County, within the Northern District of West Virginia, and elsewhere, defendant **BRANDI MICHELLE TIPTON aka JESSICA HEART** introduced and delivered for introduction into interstate commerce a misbranded device, namely, contact lenses that bore false and misleading labeling indicating that the lenses were "STERILE" and manufactured by a certain named company when, in truth and fact, the lenses were not sterile but instead contained bacteria and other living microorganisms, and were not manufactured by the named company; in violation of Title 21, United States Code, Sections 331(a), 333(a)(1) and 352(a).

## NOTICE OF FORFEITURE

A. As a result of committing violations of Title 21, United States Code, Section 331(a) as charged in Count One, defendant **BRANDI MICHELLE TIPTON aka JESSICA HEART** shall forfeit to the United States all contact lenses when that were misbranded when introduced into interstate commerce, pursuant to Title 21, United States Code, Section 334(a)(2)(D), and Title 28, United States Code, Section 2461(c), including but not limited to the following misbranded contact lenses that she surrendered to the U.S. Food and Drug Administration on December 14, 2022: 327 pairs of "FreshGo" contact lenses; and 5 pairs of "BRANCLEAR" contact lenses.

B. Pursuant to Title 18, United States Code, Section 982(a)(7), the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of Title 21, United States Code, Section 331, or a conspiracy to violate such offense, including a money judgment in the amount of at least $68,079.17.

C. Pursuant to Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

*/s/ SW for*
William Ihlenfeld
United States Attorney

Stephen Warner
Assistant United States Attorney